JINA L. CHOI (N.Y. Bar No. 2699718)
C. DABNEY O'RIORDAN (Cal. Bar No. 205158)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
  schneidere@sec.gov
JEREMY E. PENDREY (Cal. Bar No. 187075)
  pendreyj@sec.gov
E. BARRETT ATWOOD (Cal. Bar No. 291181)
  atwoode@sec.gov
ANDREW J. HEFTY (Cal. Bar No. 220450)
  heftya@sec.gov
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
T: (415) 705-2500
F: (415) 705-2501

ERIC M. BROOKS (Cal. Bar No. 209153)
  brookse@sec.gov
SECURITIES AND EXCHANGE COMMISSION
33 Arch Street, 23rd Floor
Boston, MA 02110-1424
(617) 573-8900

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:18-cv-05080-JST |
| Plaintiff, | |
| vs. | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| MICHAEL B. ROTHENBERG, and ROTHENBERG VENTURES LLC (f/k/a FRONTIER TECHNOLOGY VENTURE CAPITAL LLC and ROTHENBERG VENTURES MANAGEMENT COMPANY, LLC), | DATE: September 5, 2018 |
| | TIME: 2:00 p.m. |
| | Honorable Jon S. Tigar |
| Defendants. | |

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") and defendants Michael B. Rothenberg and Rothenberg Ventures LLC ("Defendants"), through their respective counsel, submit this Joint Case Management Conference Statement pursuant to the Court's August 31, 2018 Order re: Proposed Consent Judgments and Limited Expedited Discovery (ECF No. 11) ("Order").

The SEC filed its Complaint in this action on August 20, 2018 (ECF No. 1), along with the Consent by Michael B. Rothenberg to Judgment (ECF No. 5) and Proposed Judgment (ECF No. 5-1), and the Consent by Rothenberg Ventures LLC to Judgment (ECF No. 6) and Proposed Judgment (ECF No. 6-1). As set forth in the Complaint (the allegations of which Defendants neither admit nor deny except as provided in the Consents and except as to personal and subject matter jurisdiction), the SEC alleges that Rothenberg and Rothenberg Ventures LLC defrauded the funds they managed and the investors in those funds, misappropriating fund and investor assets. Defendants consent to the entry of the Proposed Judgments subject to the Court's approval. If approved, the agreements would resolve some, but not all, of the SEC's claims.

In particular, Defendants' agreements resolve the question of their liability under Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1), (2), and (4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8. These are both scienter and negligence-based fraud violations. In addition, they have each agreed to entry of the Proposed Judgments, which permanently restrain and enjoin them from violation of these sections of the Advisers Act and Rule 206(4)-8 thereunder. Consents to J. (ECF Nos. 5, 6) ¶ 2; Proposed Judgments (ECF Nos. 5-1, 6-1). They have each also agreed, in their respective Consents, that by a further motion by the SEC, the parties will litigate the unresolved claims for relief: namely, the SEC's claims for disgorgement of ill-gotten gains, and the amount of civil monetary penalties against each of them, pursuant to Section 209(e)(2)(C) of the Advisers Act, 15 U.S.C. § 80b-9(e)(2)(C). Rothenberg Consent to J. (ECF No. 5) ¶ 5; Rothenberg Ventures LLC Consent to J. (ECF No. 6) ¶ 3; Proposed Judgments (ECF Nos. 5-1, 6-1) at 3. For the sole purpose of determining the amounts of disgorgement and civil penalties, Defendants agree that the allegations of the Complaint shall be accepted as and deemed true by the Court.

In addition, defendant Michael Rothenberg has agreed to a separate settled Administrative Proceeding against him pursuant to Section 203(f) of the Advisers Act. Rothenberg Consent to J. (ECF

No. 5) ¶ 3. That Administrative Proceeding will result in Rothenberg being barred from association with an investment adviser, as well as other various industry roles, with the right to apply to the SEC for reentry after five years. *Id*. The bar is, however, expressly premised on this Court's entry of the injunction. Thus, until the Court issues the injunction, Rothenberg is allowed to remain associated with Rothenberg Ventures LLC, among other things. Like the Proposed Judgments, the terms of the Administrative Proceeding are also agreed between the parties.

### A. Telephone Number for September 5, 2018 Case Management Conference

The parties and Court may use the following telephone number for the Telephonic Case Management: 888-732-8001, Access Code 991 098 831.

### B. Date By Which the Motion for Approval of Settlement Will Be Filed

The parties will file their motion explaining why the court should approve the Proposed Judgments no later than September 7, 2018.

### C. The Stipulated Expedited Discovery Request is Unrelated to, and No Discovery Is Needed for, the Motion for Approval

Although the parties will need to engage in discovery, as described below, none of the discovery is necessary for the entry of the judgements or the Court's consideration of the motion to be filed this week to approve the partial settlements.

There are two categories of discovery that the parties anticipate will be needed. First, the SEC requests, and by stipulation has sought Court approval for, expedited discovery of certain bank record information pertaining to Defendants. *See* Stipulation and Proposed Order Permitting Limited Expedited Disc. (ECF No. 10). The SEC requested this stipulation based on its concern about Rothenberg's funding of a state court action (*Michael B. Rothenberg, et al. v. Silicon Valley Bank*, *et al.*, Case No. CGC-18-569041, California Superior Court, County of San Francisco) filed on August 20, 2018 – the same day the SEC filed its complaint. The SEC believes expedited discovery is necessary on this issue because if the discovery reveals that funds may have been recently misappropriated the SEC may request that the Court grant additional relief to stop further misappropriation and ensure that funds are available to be paid as disgorgement. Defendants disagree with the SEC's contentions regarding alleged misappropriation but stipulated to such expedited discovery. Second, the parties will, after

conferring under Fed. R. Civ. P. 26(f), engage in discovery pertaining to the Commission's motion for disgorgement and civil penalties. Neither of these categories of discovery will impact either the timing for the parties' filing of the motion to approve the Proposed Judgments, or the parties' request that the Court enter the Proposed Judgments.

Dated: September 4, 2018                    Respectfully submitted,

/s/ *Andrew J. Hefty*
Andrew J. Hefty
E. Barrett Atwood
Eric M. Brooks

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION


s/ *Marc J. Fagel*
Marc J. Fagel
GIBSON, DUNN & CRUTCHER
555 Mission Street, Suite 3000
San Francisco, CA 94105
Attorney for Defendants
Michael B. Rothenberg and Rothenberg Ventures LLC