1  JINA L. CHOI (N.Y. Bar No. 2699718)
   C. DABNEY O'RIORDAN (Cal. Bar No. 205158)
2  ERIN E. SCHNEIDER (Cal. Bar No. 216114)
     schneidere@sec.gov
3  JEREMY E. PENDREY (Cal. Bar No. 187075)
     pendreyj@sec.gov
4  E. BARRETT ATWOOD (Cal. Bar No. 291181)
     atwoode@sec.gov
5  ANDREW J. HEFTY (Cal. Bar No. 220450)
     heftya@sec.gov
6  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2800
7  San Francisco, CA 94104
   T: (415) 705-2500
8  F: (415) 705-2501

9  ERIC M. BROOKS (Cal. Bar No. 209153)
     brookse@sec.gov
10 SECURITIES AND EXCHANGE COMMISSION
   33 Arch Street, 23rd Floor
11 Boston, MA 02110-1424
   (617) 573-8900

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL B. ROTHENBERG, and ROTHENBERG VENTURES LLC (f/k/a FRONTIER TECHNOLOGY VENTURE CAPITAL LLC and ROTHENBERG VENTURES MANAGEMENT COMPANY, LLC),<br><br>Defendants. | Case No. 3:18-cv-05080-JST<br><br>**[PROPOSED]** **JUDGMENT AS TO DEFENDANT MICHAEL B. ROTHENBERG** |

The Securities and Exchange Commission, having filed a Complaint, and Defendant Michael B. Rothenberg, having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment As to Defendant Michael B.

Rothenberg ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV.); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(1) or 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(1), (2), by directly or indirectly, while acting as an investment adviser or associated person of an investment adviser, using the mails or any means or instrumentality of interstate commerce:

(1) employing any device, scheme, or artifice to defraud any client or prospective client; or

(2) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8, by directly or indirectly, while acting as an investment adviser to any pooled investment vehicle, using the mails or any means or instrumentalities of interstate commerce to employ any device, scheme, or artifice to defraud any client or prospective client, to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle, or otherwise to engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 209(e)(2)(C) of the Advisers Act, 15 U.S.C. § 80b-9(e)(2)(C). The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from April 1, 2015, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and civil penalties, and at any hearing held on such a motion: (a) Defendant is precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or

order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter, including among other purposes, for the purpose of enforcing the terms of this Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: October 17, 2018

IT IS SO ORDERED

Judge Jon S. Tigar

Approved as to form:

*(signature)*

Marc J. Fagel
GIBSON, DUNN & CRUTCHER
555 Mission Street, Suite 3000
San Francisco, CA 94105
Attorney for Defendant
Michael B. Rothenberg


Submitted by:

*(signature)*

E. Barrett Atwood
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104