JINA L. CHOI (N.Y. Bar No. 2699718)
C. DABNEY O'RIORDAN (Cal. Bar No. 205158)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
  schneidere@sec.gov
JEREMY E. PENDREY (Cal. Bar No. 187075)
  pendreyj@sec.gov
E. BARRETT ATWOOD (Cal. Bar No. 291181)
  atwoode@sec.gov
ANDREW J. HEFTY (Cal. Bar No. 220450)
  heftya@sec.gov
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
T: (415) 705-2500
F: (415) 705-2501

ERIC M. BROOKS (Cal. Bar No. 209153)
  brookse@sec.gov
SECURITIES AND EXCHANGE COMMISSION
33 Arch Street, 23rd Floor
Boston, MA 02110-1424
(617) 573-8900

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>     vs.<br><br>MICHAEL B. ROTHENBERG, and ROTHENBERG VENTURES LLC (f/k/a FRONTIER TECHNOLOGY VENTURE CAPITAL LLC and ROTHENBERG VENTURES MANAGEMENT COMPANY, LLC),<br><br>       Defendants. | Case No. 3:18-cv-05080-JST<br><br>**[PROPOSED]** **JUDGMENT AS TO DEFENDANT ROTHENBERG VENTURES LLC** |

The Securities and Exchange Commission, having filed a Complaint, and Defendant Rothenberg

Ventures LLC, having entered a general appearance; consented to the Court's jurisdiction over

1    Defendant and the subject matter of this action; consented to entry of this Judgment As to Defendant

2    Rothenberg Ventures LLC ("Judgment") without admitting or denying the allegations of the Complaint

3    (except as to jurisdiction and except as otherwise provided herein in paragraph IV.); waived findings of

4    fact and conclusions of law; and waived any right to appeal from this Judgment:

5                                                    I.

6         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently

7    restrained and enjoined from violating Sections 206(1) or 206(2) of the Investment Advisers Act of 1940

8    ("Advisers Act"), 15 U.S.C. § 80b-6(1), (2), by directly or indirectly, while acting as an investment

9    adviser or associated person of an investment adviser, using the mails or any means or instrumentality of

10   interstate commerce:

11        (1)      employing any device, scheme, or artifice to defraud any client or prospective client; or

12        (2)      engaging in any transaction, practice, or course of business which operates as a fraud or

13                 deceit upon any client or prospective client.

14        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule

15   of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice

16   of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees,

17   and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone

18   described in (a).

19                                                   II.

20        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently

21   restrained and enjoined from violating Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and

22   Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8, by directly or indirectly, while acting as an

23   investment adviser to any pooled investment vehicle, using the mails or any means or instrumentalities

24   of interstate commerce to employ any device, scheme, or artifice to defraud any client or prospective

25   client, to make any untrue statement of a material fact or to omit to state a material fact necessary to

26   make the statements made, in light of the circumstances under which they were made, not misleading, to

27   any investor or prospective investor in the pooled investment vehicle, or otherwise to engage in any act,

28

1   practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor

2   or prospective investor in the pooled investment vehicle.

3           IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule

4   of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice

5   of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees,

6   and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone

7   described in (a).

8                                                   III.

9           IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay

10  disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section

11  209(e)(2)(C) of the Advisers Act, 15 U.S.C. § 80b-9(e)(2)(C).  The Court shall determine the amounts of

12  the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be

13  calculated from April 1, 2015, based on the rate of interest used by the Internal Revenue Service for the

14  underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the

15  Commission's motion for disgorgement and civil penalties, and at any hearing held on such a motion: (a)

16  Defendant is precluded from arguing that it did not violate the federal securities laws as alleged in the

17  Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for

18  the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by

19  the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits,

20  declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence,

21  without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of

22  Civil Procedure.  In connection with the Commission's motion for disgorgement and civil penalties, the

23  parties may take discovery, including discovery from appropriate non-parties.

24                                                  IV.

25          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

26  exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations

27  in the complaint are true and admitted by Defendant, and further, any debt for disgorgement,

28  prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other

1   judgment, order, consent order, decree or settlement agreement entered in connection with this

2   proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or

3   order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C.

4   §523(a)(19).

5                                             V.

6           IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

7   jurisdiction of this matter, including among other purposes, for the purpose of enforcing the terms of this

8   Judgment.

9                                             VI.

10          There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

11  Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

12

13  IT IS SO ORDERED.

14

15

16

17

18  Dated:  October 17, 2018

19

20

21

22

23

24

25

26

27

28

Approved as to form:

Marc J. Fagel
GIBSON, DUNN & CRUTCHER
555 Mission Street, Suite 3000
San Francisco, CA 94105
Attorney for Defendant
Rothenberg Ventures LLC

Submitted by:

E. Barrett Atwood
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104