1  JINA L. CHOI (N.Y. Bar No. 2699718)
   C. DABNEY O'RIORDAN (Cal. Bar No. 205158)
2  ERIN E. SCHNEIDER (Cal. Bar No. 216114)
     schneidere@sec.gov
3  JEREMY E. PENDREY (Cal. Bar No. 187075)
     pendreyj@sec.gov
4  E. BARRETT ATWOOD (Cal. Bar No. 291181)
     atwoode@sec.gov
5  ANDREW J. HEFTY (Cal. Bar No. 220450)
     heftya@sec.gov
6  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2800
7  San Francisco, CA 94104
   T: (415) 705-2500
8  F: (415) 705-2501

9  ERIC M. BROOKS (Cal. Bar No. 209153)
     brookse@sec.gov
10 SECURITIES AND EXCHANGE COMMISSION
   33 Arch Street, 23rd Floor
11 Boston, MA 02110-1424
   (617) 573-8900

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:18-cv-05080-JST |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |
| vs. | |
| MICHAEL B. ROTHENBERG, and ROTHENBERG VENTURES LLC (f/k/a FRONTIER TECHNOLOGY VENTURE CAPITAL LLC and ROTHENBERG VENTURES MANAGEMENT COMPANY, LLC), | DATE: November 28, 2018 |
| | TIME: 2:00 p.m. |
| | Location: Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, CA 94102 |
| Defendants. | Honorable Jon S. Tigar |

| | |
|---|---|
| 1 | Pursuant to this Court's Order dated August 21, 2018 (ECF No. 7), Civil Local Rule 16-9, and |
| 2 | the Standing Order for All Judges of the Northern District of California, Plaintiff Securities and |
| 3 | Exchange Commission (the "Commission" or the "SEC") and Defendants Michael B. Rothenberg |
| 4 | ("Rothenberg") and Rothenberg Ventures LLC ("RVMC") (collectively "Defendants") jointly submit |
| 5 | this Joint Case Management Statement and Proposed Order. |
| 6 | 1.  Jurisdiction & Service |
| 7 | This Court has jurisdiction over the SEC's claims pursuant to Sections 209(d), 209(e), and 214 |
| 8 | of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-9(d), 80b-9(e), 80b-14]. |
| 9 | Defendants admitted the Court's jurisdiction over them, waived service of a summons and the |
| 10 | Complaint, and have entered their general appearances pursuant to their respective Consents to |
| 11 | Judgment filed on August 20, 2018.  Rothenberg Consent to J. (ECF No. 5) ¶ 1; RVMC Consent to J. |
| 12 | (ECF No. 6) ¶ 1. |
| 13 | 2.  Facts |
| 14 | The Commission alleges that Rothenberg, an investment advisor, and his investment advisory |
| 15 | firm, RVMC, schemed to defraud both their venture capital fund clients and the investors in those |
| 16 | funds in breach of the Defendants' fiduciary duties to their fund clients.  According to the Complaint, |
| 17 | Defendants used deceptive acts to misappropriate millions of dollars of investor money that |
| 18 | Defendants stated would be used to capitalize the Rothenberg-managed venture capital funds, which |
| 19 | would in turn purchase equity interests in early-stage technology companies, excepting specified |
| 20 | amounts used to pay management fees and administrative expenses.  Instead of using all solicited |
| 21 | funds for investment purposes and appropriate expenses, Defendants are alleged to have, beginning |
| 22 | no later than April 2015, misappropriated millions of dollars of investor funds to finance |
| 23 | Rothenberg's personal business ventures, to pay for expensive sporting events and entertainment, and |
| 24 | to cover Rothenberg's personal expenses, all while engaging in deceptive acts to create the false |
| 25 | appearance that the misappropriated money was used for legitimate fund expenses or investments or |
| 26 | had otherwise been paid back. |
| 27 | Defendants agreed to settle without admitting or denying the allegations in the Commission's |
| 28 | Complaint, though for purposes of the disgorgement proceeding described herein dispute that Plaintiff |

can establish that "millions of dollars" are subject to disgorgement. The Court approved and entered the parties' negotiated settlements in Orders dated October 17, 2018 (ECF Nos. 19, 20), which resolved liability under Sections 206(1), 206(2), and 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2), and (4)], and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] and also entered an injunction against each Defendant permanently enjoining them from violation of these sections of the Advisers Act and Rule 206(4)-8. The agreed-upon settlements, however, are bifurcated and do not resolve the amounts of disgorgement and, pursuant to the federal securities laws, civil penalties to be paid by Defendants. In their settlements, Defendants agreed, solely for purposes of the Court's determination of the amounts of disgorgement and civil penalties, that the Complaint's allegations will be deemed true. Judgments (ECF Nos. 19, 20) § III. While this resolves many factual issues for the purposes of this proceeding, the precise amounts of ill-gotten gains that Defendants must disgorge, prejudgment interest thereon, and additional facts and circumstances relevant to civil monetary penalties, are to be determined in this action.

Defendants dispute that Plaintiff can establish that there are ill-gotten gains that Defendants must disgorge or that there are facts and circumstances warranting the award of civil monetary penalties.

3. Legal Issues

With liability no longer at issue pursuant to the parties' settlements, the only legal questions are the amounts of (a) ill-gotten gains received by Defendants for purposes of calculating disgorgement, and prejudgment interest thereon; and (b) civil monetary penalties that may be levied against Defendants. It is well established that the Court's equitable powers authorize it to order disgorgement of ill-gotten gains in an enforcement action brought by the SEC. *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010); *SEC v. JT Wallenbrock & Assocs.*, 440 F.3d 1109, 1113 (9th Cir. 2006). The amount of disgorgement may include all ill-gotten gains and may be proven by reasonable approximation. *Platforms Wireless Int'l Corp.*, 617 F.3d at 1096 (citations omitted). The Court is authorized to impose civil monetary penalties against Defendants by Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] and the Judgments entered against each Defendant in this proceeding (Judgments (ECF Nos. 19, 20) § III). The amount of monetary penalties shall be determined by the Court in light of the facts and circumstances, which include the number of violations of the federal securities laws, the

| | |
|---|---|
| 1 | severity of the fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory |
| 2 | requirement, the pecuniary gain to the defendants, and whether the violations resulted in substantial |
| 3 | losses or created a significant risk of substantial losses to other persons. *Id.* As noted above, Defendants |
| 4 | dispute that Plaintiff can establish that there are ill-gotten gains that Defendants must disgorge or that |
| 5 | there are facts and circumstances warranting the award of civil monetary penalties. |

4. Motions

The parties previously filed a Joint Motion for Approval of Proposed Settlements (ECF No. 16), which the Court granted on October 16, 2018. ECF No. 18. Pursuant to the parties' settlements (Judgments § III (ECF Nos. 19, 20)), the Commission intends to file a motion to determine the amounts of disgorgement and monetary penalties. A hearing may not be necessary to determine the motion. The parties will further meet and confer in advance of such motion regarding the need for a hearing, but at any such hearing on the motion:

> (a) Defendant is precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

Judgments § III (ECF Nos. 19, 20). The Commission proposes filing its motion 28 days after the close of expert discovery (*i.e.*, July 1, 2019, under the discovery schedule proposed below).

5. Amendment of Pleadings

The parties do not anticipate amendment of the pleadings.

6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred regarding steps to preserve evidence. The Commission has taken measures to preserve all documents it obtained during the investigation preceding the filing of this case. In addition, the Commission has instituted its procedures for preserving other records that could be requested, even if they are not likely to become evidence in this case. The parties also discussed entering into the Court's Model Stipulated Order Re: Discovery of Electronically Stored Info and

anticipate filing a modified version of that protective order in advance of the Initial Case Management Conference.

7. Disclosures

Initial Disclosures are scheduled to be made on or before November 14, 2018, per this Court's Initial Case Scheduling Order (ECF No. 7). As part of its Initial Disclosures, the Commission is making available all documents it obtained during the course of its non-public investigation of this matter that the Commission may use to support its claims, including transcripts of any sworn investigative testimony and the exhibits used during that testimony. As requested by Defendants, the Commission will also produce contemporaneously with its Initial Disclosures all bank records it has obtained to date from two third-party financial institutions.

8. Discovery

By Order dated September 5, 2018 (ECF No. 15), the Court granted the parties' joint request to permit limited expedited discovery by issuing subpoenas upon financial institutions pursuant to Rule 45 of the Federal Rules of Civil Procedure. Since that time, the Commission has issued three subpoenas to financial institutions where Defendants have an account or conduct financial transactions. Per the Defendants' request, the Commission has provided copies of all document productions received in response to these subpoenas to Defendants.

As discussed above in paragraph 6, the parties anticipate entering into a protective order regarding the discovery of Electronically Stored Information. The parties also discussed a protective order regarding financially sensitive information and anticipate filing a proposed order in advance of the Initial Case Management Conference.

The parties also met and conferred regarding the scope of discovery and schedule. The parties do not anticipate any discovery beyond that provided in the normal course pursuant to the Federal Rules of Civil Procedure. The parties propose the following discovery schedule:

| Discovery | Deadline for Completion |
|---|---|
| Fact discovery | April 1, 2019 |
| Expert disclosures (designation of experts in accordance with Federal Rule of Civil Procedure 26(a)(2)) | April 23, 2019 |

Expert discovery

The parties are not currently aware of any anticipated discovery disputes. The parties have met and conferred regarding potentially privileged information obtained by the Commission during its investigation preceding this action. The parties have agreed to a process through which search terms will be utilized to filter potentially privileged information from relevant information.

9. Class Actions

Not applicable.

10. Related Cases

The Commission is not aware of another federal case that meets the definition of a related case under Local Rule 3-12. The Commission is aware of a filed state court action: *Michael B. Rothenberg, et al. v. Silicon Valley Bank*, Case No. CGC-18-569041, California Superior Court, County of San Francisco (hereafter, "state court action"). It is the Commission's position that this case is not related and should not be coordinated under Local Rule 3-13 because (1) the state court plaintiffs' causes of action are based on state law, (2) the Commission's action is based on federal securities law, and (3) the state court action involves facts that constitute just a subset of those alleged by the Commission. In addition, it is doubtful that the state court action and this federal action involve "substantially all of the same parties" because, although the two defendants in this action are plaintiffs in the state court action, the Commission is not a party to the state court action, and the sole defendant in the state court action, Silicon Valley Bank ("SVB"), is also not a party to the Commission's action. The state court action is based entirely on a December 2015 transaction with SVB concerning a line of credit. This same line of credit constitutes part of the Commission's allegations in this case. The Commission alleges that Rothenberg's and RVMC's acquisition and use of this December 2015 line of credit constitute deceptive acts in furtherance of their scheme to defraud:

> Throughout 2015 and continuing through December 2017 (and possibly later), in furtherance of their scheme to defraud investors in the Funds, Defendants have engaged in numerous deceptive acts to hide their misappropriation from the Funds' investors. These deceptive acts included, among others, (i) improperly using cash from the 2015 Fund so RVMC [state court plaintiff Rothenberg Ventures, LLC] could secure a line of credit from a bank, and then using the proceeds from the line of credit to mask the 2015 Fund's 'overpayment' of fees . . . .

Compl. (ECF No. 1) ¶ 72. The Commission further alleges that Rothenberg approved the transfer of $4.25 million as part of the transaction regarding this line of credit:

> The deceptive acts regarding the line of credit with the bank began in December 2015 when Rothenberg entered into negotiations with a bank for RVMC to obtain a line of credit using $4.25 million as collateral. Rothenberg represented to the bank that the $4.25 million was cash that RVMC was entitled to earn as management fees. Once the parties reached agreement on the terms for the line of credit, **on or about December 29, 2015, referencing the bank account numbers, the bank requested that Rothenberg approve the transfer of $4.25 million from the 2015 Fund's bank account to RVMC's bank account. That same day, Rothenberg approved in writing the requested transfer and the next day, he acknowledged to the bank that the transfer had occurred.** The $4.25 million was subsequently moved into a collateral account.
>
> At the end of December 2015, the bank provided RVMC with a $4 million line of credit. RVMC immediately drew down the entire $4 million line of credit and transferred the proceeds to the 2015 Fund's bank account. Rothenberg's actions, timed to the 2015 Fund's fiscal year-end, created the illusion that Rothenberg was returning excess fees that RVMC had taken during 2015.

*Id*. ¶¶ 73-74 (emphasis added).

In contrast to the Commission's allegations, the state court plaintiffs, who include Defendants, allege in the state court action that the bank, identified by state court plaintiffs as SVB, transferred funds without authorization in connection with this line of credit, and thereby harmed Rothenberg, RVMC, and investors:

> In December 2015, [SVB] was supposed to set up a line of credit for the Management Company [Rothenberg and Rothenberg Venture, LLC]. This line of credit was to be secured by $4.25 million in collateral in the form of pre-paid management fees owed to the Management Company by the 2015 Fund (the 'Prepaid fees'). To achieve that transaction, Mr. Rothenberg instructed [SVB] to credit a new fund account to hold the collateral (the '2015 Fund Collateral Account').
>
> Notwithstanding these clear instructions, owing to time pressures that put [SVB] 'in uncharted territory' and dealing with a blown internal bank deadline, **SVB went ahead and transferred the 2015 Fund's $4.25 million into an account maintained by the Management Company (the 'Unauthorized transfer'). SVB made this Unauthorized Transfer without disclosure to Mr. Rothenberg or the Management Company**.
>
> By moving the Prepaid Fees into an account controlled by the Management Company, [SVB] created the false appearance that the Management Company and Mr. Rothenberg had wrongfully misappropriated millions in investor funds. In the world of venture capital, no transgression is more egregious. Having been effectively

> branded as an embezzler by [SVB's] Unauthorized Transfer, the
> Management Company collapsed, costing fund investors tens of millions
> in would-be investment gains and destroying Mr. Rothenberg's career.

State court action Compl. ¶¶ 2-4 (emphasis added). The state court plaintiffs bring state law causes of action against SVB for (1) negligence; (2) deceit; (3) fraud and deceit based on concealment; (4) negligent interference with prospective economic advantage; and (5) unfair and fraudulent business practice.

11. <u>Relief</u>

As discussed above under legal issues (para. 3), the Commission seeks disgorgement of ill-gotten gains, plus prejudgment interest thereon, and civil monetary penalties defined by statute. The Commission does not seek damages. The amount of disgorgement sought will depend upon several factors, including the amounts shown to be improperly taken from the Rothenberg-managed funds, their investors, and solicited investors (if any), and other facts that may be discovered in this litigation.

12. <u>Settlement and ADR</u>

The parties engaged in extensive settlement negotiations prior to the filing of this action, which resulted in the parties filing their bifurcated settlements resolving liability and the injunctive relief sought by the Commission. However, the parties disagree, by a wide margin, as to the amount of ill-gotten gains and the appropriate amount of civil penalties. It is the Commission's position that the disparity in the parties' positions is primarily due to the Defendants' inadequate accounting records, insufficient documentation of investments and expenses, and the use of deceptive acts to mask misappropriation and pecuniary gain to the Defendants; Defendants dispute Plaintiff's contention, and believe Plaintiff's inflated demand for purported ill-gotten gains results from Plaintiff's erroneous analysis of the extensive financial records produced to the Commission during its investigation. The Commission believes that, in order to determine the amounts of capital invested, management fees owed, and legitimate expenses paid by Defendants, it is necessary to conduct a full accounting across a multitude of bank accounts at multiple financial institutions and to examine the investments purportedly made by Defendants. The Commission therefore believes that early ADR would not be fruitful and that ADR should be delayed until the completion of expert discovery so that the parties are fully informed as to the accounting and dissipation of assets. The Commission proposes that this case be assigned to a Magistrate Judge for

settlement conference after the completion of expert discovery and prior to the filing of the Commission's motion to determine disgorgement and penalties. Defendants, while believing the Commission's position on the scope of discovery needed to assess disgorgement (if any) to be overstated, agree to the assignment to a Magistrate Judge at that time, but may suggest an earlier settlement conference if warranted based on the development of the evidence.

13. Consent to Magistrate Judge For All Purposes

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. \_\_\_\_ YES  \_X\_ NO

14. Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

The parties' bifurcated settlements significantly narrowed the issues and resolved liability for purposes of this proceeding. The amounts of disgorgement and civil monetary penalties may be resolved by motion by the Commission as discussed above in paragraph 4. There will be no jury trial, though the parties may request or the Court may require a hearing to resolve the Commission's motion.

16. Expedited Trial Procedure

The parties do not all agree that the Expedited Trial Procedure of General Order No. 64 would be appropriate for this case.

17. Scheduling

The parties propose the following dates for scheduling in this case:

Discovery: As described above in paragraph 8, the parties propose all non-expert discovery be completed by April 1, 2019, and all expert discovery be completed by June 3, 2019.

Dispositive Motions: The parties propose that the last day to file the Commission's motion to determine amounts of disgorgement and civil monetary penalties is July 1, 2019; Defendants' opposition shall be filed by July 22, 2019; and the Commission's reply shall be filed by August 1, 2019.

Prehearing Conference: The parties anticipate that an evidentiary hearing will not be necessary to resolve the Commission's motion. In the event a hearing is needed, the parties propose that the Prehearing Conference be August 26, 2019.

Hearing Commences: The parties propose that any evidentiary hearing begin September 9, 2019.

18. Trial

This case will not be decided by jury trial. The amounts of disgorgement and civil monetary penalties will be determined by the Court upon motion by the Commission. An evidentiary hearing may not be necessary, but if an evidentiary hearing is either required by the Court or granted at the Court's discretion pursuant to one or more party's request, the parties anticipate that any such evidentiary hearing would take three court days.

19. Disclosure of Non-party Interested Entities or Persons

Defendants have filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15. As set forth in the Certification, Defendants have identified the four investment funds managed by Defendants (Rothenberg Ventures 2013 Fund, LLC; Rothenberg Ventures 2014 Fund, LLC; Rothenberg Ventures 2015 Fund, LLC; Rothenberg Ventures 2016 Fund, LP) and certain co-investment funds also under Defendants' management during the relevant period as entities which may have a financial interest in the subject matter in controversy.

20. Professional Conduct

All attorneys of record for the undersigned parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

Not applicable.

Dated: November 14, 2018                Respectfully submitted,


                                        /s/  *E. Barrett Atwood*
                                        E. Barrett Atwood
                                        Andrew J. Hefty
                                        Eric M. Brooks

                                        Attorneys for Plaintiff
                                        SECURITIES AND EXCHANGE COMMISSION


                                        /s/  *Marc J. Fagel*
                                        Marc J. Fagel
                                        GIBSON, DUNN & CRUTCHER
                                        555 Mission Street, Suite 3000
                                        San Francisco, CA 94105

                                        Attorney for Defendants
                                        Michael B. Rothenberg and Rothenberg Ventures LLC


## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.


IT IS SO ORDERED.

Dated: _____           _____
                                        Hon. Jon S. Tigar