UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL B. ROTHENBERG and ROTHENBERG VENTURES LLC (f/k/a FRONTIER TECHNOLOGY VENTURE CAPITAL LLC and ROTHENBERG VENTURES MANAGEMENT COMPANY LLC),<br><br>　　　　Defendants. | Case No. 18-cv-05080-JST (LB)<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>Re: ECF No. 56 |

## INTRODUCTION

The defendants' counsel moved to withdraw, citing grounds that permit withdrawal.[1] The Securities and Exchange Commission and the defendants do not oppose the motion. The court grants the motion.

---

[1] Mot. to Withdraw – ECF No. 56. Withdrawing counsel submitted his declaration and separate motion *in camera*, and the court directs the Clerk of Court to maintain a lodged copy to maintain the integrity of the record.

ORDER – No. 18-cv-05080-JST (LB)

**GOVERNING LAW**

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Until the client obtains other representation, motions to withdraw as counsel may be granted on the condition that current counsel continue to serve on the client all papers from the court and from the opposing parties. Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Negad v. Mukasey,* 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *see also Dieter v. Regents of Univ. of Cal.,* 963 F. Supp. 908, 910 (E.D. Cal. 1997). Under California Rule of Professional Conduct 3-700(C), counsel may withdraw if the client makes it unreasonably difficult for the attorney to carry out his or her duties. Cal. R. Prof. Conduct 3-700(C)(1)(d).

In compliance with California Rule of Professional Conduct 3-700(A)(2), counsel may not "withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." These steps include: (1) giving due notice to the client; (2) allowing time for employment of other counsel, pursuant to Rule 3-700(D); and (3) complying with applicable laws and rules. Cal. R. P. Conduct 3-700(A)(2); *El Hage v. U.S. Sec. Assocs., Inc.*, No. 06-CV-7828-THE, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter,* 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countryside Home Loans,* No. 09-CV-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

**ANALYSIS**

The unopposed motion and counsel's accompanying declaration show good cause for counsel's withdrawal. They establish that withdrawing counsel also took appropriate steps to avoid reasonably foreseeable prejudice to the clients' rights. The Securities and Exchange Commission and the defendants do not oppose withdrawal, which is relevant to the possible prejudice to other litigants and potential harm to the administration of justice. The parties extended their deadlines, which mitigates the extent that withdrawal will delay resolution of the case.

Before the February 21, 2019 hearing date, the defendants had not filed substitutions of counsel. The initial motion to withdraw was submitted *in camera*, and the court construed it as applying to both defendants (Rothenberg Ventures, LLC and Mr. Rothenberg). At the hearing, withdrawing counsel represented that new counsel would appear in the next day or so but only for Rothenberg Ventures, LLC, which can appear only through counsel. Civ. L. R. 3-9(b) ("A corporation, unincorporated association, partnership, or other such entity may appear only through a member of the bar of this Court."); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam). New counsel appeared on February 22, 2019, and the court authorized that substitution (as fairly subsumed in the motion to withdraw).[2] That leaves only Mr. Rothenberg. The court grants the motion to withdraw as to Mr. Rothenberg.

At the February 21 hearing, the court set a further status hearing for March 7, 2019 at 11:00 a.m. Mr. Rothenberg must file a notice of substitute counsel by then. Alternatively, he can appear *pro se* by that date and can do so by filing the appropriate form through withdrawing counsel or by appearing in court on March 7, 2019 at 11:00 a.m. Filing a notice of substitute counsel or appearing *pro se* will operate to vacate the March 7 hearing. If no notice is filed, Mr. Rothenberg must appear in person on March 7, 2019 at 11:00 a.m. in Courtroom B, 450 Golden Gate Avenue, 15th Floor, San Francisco, CA 94102.

---

[2] ECF Nos. 58 and 59.

## CONCLUSION

The court grants the motion to withdraw. Under Civil Local Rule 11-5(b), withdrawing counsel must send all filings in the case — including a copy of this order — to Mr. Rothenberg until substitute counsel appears or Mr. Rothenberg appears *pro se*.

**IT IS SO ORDERED.**

Dated: February 22, 2019

LAUREL BEELER
United States Magistrate Judge