C. DABNEY O'RIORDAN (Cal. Bar No. 205158)
oriordand@sec.gov
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
schneidere@sec.gov
ANDREW J. HEFTY (Cal. Bar No. 220450)
heftya@sec.gov
MARC KATZ (Cal. Bar No. 189534)
katzm@sec.gov
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
T: (415) 705-2500
F: (415) 705-2501

ERIC M. BROOKS (Cal. Bar No. 209153)
brookse@sec.gov
SECURITIES AND EXCHANGE COMMISSION
33 Arch Street, 23rd Floor
Boston, MA 02110-1424
(617) 573-8900

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL B. ROTHENBERG, and ROTHENBERG VENTURES LLC (f/k/a FRONTIER TECHNOLOGY VENTURE CAPITAL LLC and ROTHENBERG VENTURES MANAGEMENT COMPANY, LLC),<br><br>Defendants. | Case No. 18-cv-5080-JST<br><br>DECLARATION OF ERIC M. BROOKS IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR DISGORGEMENT AND PENALTIES AGAINST DEFENDANT MICHEAL B. ROTHENBERG<br><br>DATE: October 3, 2019<br>TIME: 2:00 P.M.<br><br>Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, CA |

I, Eric M. Brooks, pursuant to 28 U.S.C. § 1746, declare:

1. I am an attorney admitted to practice in the State of California and employed in the Boston Regional Office of the Securities and Exchange Commission ("SEC" or "Commission"). I was the principal attorney assigned to the investigation that preceded the filing of this action, and I am one of the attorneys of record representing the Commission in this case. I make this Declaration in support of the Commission's Motion for Disgorgement and Penalties. I make this Declaration based upon facts within my personal knowledge and to which I am competent to testify if called upon to do so.

2. During the SEC's investigation, on June 12, 2017, as an officer of the Commission, pursuant to a subpoena, I took the sworn testimony of Michael B. Rothenberg in San Francisco, California. Attached as Exhibit 1 is a true and correct copy of the transcript of Rothenberg's testimony. As reflected in Exhibit 1, Rothenberg was represented by counsel during his testimony who identified themselves on the record. Ex. 1 at page 6, lines 3-14. After answering a few preliminary questions early in the proceedings, Rothenberg stated that upon the advice of counsel, he was invoking his "Fifth Amendment right not to answer" questions. Ex. 1 at page 11, lines 14-15. Rothenberg thus refused to answer questions during his testimony regarding bank accounts he controlled; the four Rothenberg Funds discussed in the Complaint in this case; the investment adviser, Rothenberg Ventures LLC or its predecessors; a line of credit Rothenberg sought and obtained from Silicon Valley Bank; River Studios and its affiliates; the Rothenberg Group, LLC; Unity Technologies and any potential transactions involving that entity; and various statements he made to investors.

3. After the SEC filed the Complaint in this action and discovery began, I and my colleagues duly noticed Defendant Rothenberg's deposition. Originally, his deposition was scheduled and noticed for April 29, 2019, at the SEC's offices in San Francisco; although I and my co-counsel in this case appeared for the SEC, and counsel for Defendant Rothenberg Ventures LLC appeared, Defendant Rothenberg did not appear as scheduled. Then, the following day, as set forth in Magistrate Judge Ryu's Minute Order (ECF No. 77), the parties agreed that the deposition would occur on May 7, 2019. Attached as Exhibit 2 is a true and correct copy of excerpts from the deposition of Defendant Rothenberg in this case. During his deposition, Defendant was represented by counsel, who identified himself on the record. Initially, Defendant answered some background questions about preparation for

his deposition, and then he answered the question: "Do you have any sources of income?" by stating "No, I do not." Ex. 2 at page 23, lines 15-16. Immediately following the next question posed, Rothenberg's attorney (Eugene Illovsky) interjected, stating that Rothenberg "was going to be asserting his Fifth Amendment privilege" by referring to a handwritten note on which Rothenberg had written, and read aloud: "on the advice of my attorney, I respectfully decline to answer the question on the grounds of my Fifth Amendment privilege." *Id*. at page 24, lines 8-10; and 29, lines 8-17. When asked questions about Rothenberg's recent Responses to Interrogatories, which included (as described in paragraph 7, below) questions about his sources of income, Rothenberg invoked his Fifth Amendment privilege. *Id*. at pages 29-30. Similarly, when asked questions about transactions to purchase or sell tickets to NBA, Golden State Warriors games, Rothenberg also invoked his Fifth Amendment privilege. *Id*. at pages 164-68.

4. Attached as Exhibit 3 is a true and correct copy of the SEC's Order Instituting Administrative Proceedings, Pursuant to Section 203(f) of the Investment Advisers Act of 1940, Making Findings, and Imposing Remedial Sanctions, in *In re Michael B. Rothenberg*, SEC Rel. No. 5058, instituted Oct. 19, 2018 (available at the SEC's website: https://www.sec.gov/litigation/admin/2018/ia-5058.pdf).

5. In June, July, and August 2018, I and my colleagues, on behalf of the SEC, engaged in discussions with Rothenberg's then-counsel, from the law firm of Gibson, Dunn & Crutcher, which culminated in the partial resolution of the claims in this case as reflected in Defendant Rothenberg's Consent to Judgment (ECF No. 5), and in the Order attached as Exhibit 3. In his Consent, Defendant agreed (without admitting or denying the allegations of the complaint) to a Judgment in this case that permanently restrains and enjoins him from violations of Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(1), (2) & (4), and Rule 206(4)-8, 17 C.F.R. § 275.206(4)-8.

6. Attached as Exhibit 4 is a true and correct copy of an August 21, 2018 release to investors in one or more of the Rothenberg funds, entitled "Rothenberg Ventures 2016 Fund – LP Update," (without the exhibits) that was provided to the SEC by counsel representing investors in several of the Rothenberg funds. An investor in several Rothenberg funds also provided the SEC with a copy of

the "Rothenberg Ventures 2015 Fund – LP Update," which, except for its title, contains the same language as Exhibit 4.

7. In addition to the above-described testimony from Rothenberg during the investigation and by his deposition in this case, the SEC served written discovery requests upon Rothenberg in an attempt to discover, among other things, his sources of income since the filing of this action. Attached as Exhibit 5 is a true and correct copy of Rothenberg's Response to the SEC's Interrogatory No. 6. In response to Interrogatory No. 6, seeking "the amount, source and date" of all income greater than $5,000, received from January 1, 2017 to the present, Rothenberg stated in part: "Generally, I relied on payments of money that was either loaned to me or owed to me from various sources during this period of time."

8. Attached as Exhibit 6 are excerpts from bank records the SEC obtained during discovery in this case; these records are the January and February 2019 Bank of America bank account statements for both Rothenberg Investment Co. LLC's and Michael B. Rothenberg's respective accounts. These bank records show that at the beginning of January 2019, Rothenberg Investment Co. LLC had approximately $2,000 in its account. They also show that SH Suites, LLC wired a total of $25,000 to Rothenberg Investment Co. LLC in January 2019, consisting of two transfers, one for $13,000 on January 8, 2019 with the description "Panic at the Disco 2-19 Jazz at Warriors 2-12," and another for $12,000 on January 29, 2019. Finally, they show that on February 6 and 7, 2019, Rothenberg Investment Co. LLC transferred a total of $16,500 to Rothenberg's personal account.

9. Attached as Exhibit 7 are excerpts from Mr. Rothenberg's credit card statements the SEC obtained during discovery in this case; these records show purchases of ballet tickets for $3,400 on January 11, 2019.

10. Attached as Exhibit 8 is the SEC's calculation performed that arrives at the prejudgment interest figure of $3,663,323.47. In accordance with the Judgment to which Rothenberg consented (ECF No. 19), ¶ III, interest on the requested unjust enrichment-disgorgement figure of $18,776,800, was calculated from April 1, 2015 through August 31, 2019, using the rate of interest set forth in 26 U.S.C. § 6621(a)(2), for the underpayment of taxes. Exhibit 9 thus shows interest calculated for each period, the

total interest figure, and the total amount to be disgorged, $22,440,123.47, which is the sum of interest and unjust enrichment-disgorgement.

11. Attached as Exhibit 9 is a true and correct copy of the Amended and Restated Limited Liability Company Agreement for Rothenberg Ventures Management Company, LLC produced in discovery in this case, which states that as of December 28, 2012, Rothenberg owned 99.9% of Rothenberg Ventures Management Company, LLC ("RVMC").

12. Attached as Exhibit 10 is a true and correct copy of an Interest Transfer Agreement between Rothenberg and Regina Scully produced in discovery in this case, which states that on March 26, 2015 Rothenberg transferred and sold 4.5% of his membership interest in RVMC to Ms. Scully for $2.25 million.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on July 31, 2019 in Boston, Massachusetts.

/s/ *Eric M. Brooks*
Eric M. Brooks