# EXHIBIT 3

**UNITED STATES OF AMERICA**
Before the
**SECURITIES AND EXCHANGE COMMISSION**

**INVESTMENT ADVISERS ACT OF 1940**
Release No. 5058 / October 19, 2018

**ADMINISTRATIVE PROCEEDING**
File No. 3-18871

| | |
|---|---|
| **In the Matter of**<br><br>**MICHAEL B. ROTHENBERG,**<br><br>**Respondent.** | **ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 203(f) OF THE INVESTMENT ADVISERS ACT OF 1940, MAKING FINDINGS, AND IMPOSING REMEDIAL SANCTIONS** |

**I.**

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted pursuant to Section 203(f) of the Investment Advisers Act of 1940 ("Advisers Act") against Michael B. Rothenberg ("Respondent").

**II.**

In anticipation of the institution of these proceedings, Respondent has submitted an Offer of Settlement (the "Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over him and the subject matter of these proceedings and the findings contained in paragraph III.2. below, which are admitted, Respondent consents to the entry of this Order Instituting Administrative Proceedings Pursuant to Section 203(f) of the Investment Advisers Act of 1940, Making Findings, and Imposing Remedial Sanctions ("Order"), as set forth below.

### III.

On the basis of this Order and Respondent's Offer, the Commission finds[1] that

1. Rothenberg is the founder, manager, owner, and operator of Rothenberg Ventures LLC ("Rothenberg Ventures"). Rothenberg Ventures reports to the Commission as an "exempt reporting adviser" under Section 204(a) of the Investment Advisers Act and Rule 204-4 thereunder, and serves as an adviser to a number of venture capital funds. Rothenberg has been responsible for making all final decisions regarding the strategy, investments, and operations of the funds managed by Rothenberg Ventures. Rothenberg, 34 years old, is a resident of San Francisco, California.

2. On October 17, 2018, a judgment was entered by consent against Respondent, permanently enjoining him from future violations of Sections 206(1), 206(2), and 206(4) of the Advisers Act and Rule 206(4)-8 thereunder, in the civil action entitled <u>Securities and Exchange Commission v. Rothenberg, et al.</u>, Civil Action Number 3:18-cv-05080, in the United States District Court for the Northern District of California.

3. The Commission's complaint alleged that, in his role as an investment adviser, Rothenberg schemed to defraud both the venture capital funds he managed and the investors in those funds. In furtherance of this scheme, Rothenberg used various deceptive acts to both (i) misappropriate fund and fund investor money, and (ii) create the false appearance that the misappropriated money was used for legitimate fund expenses or investments or had otherwise been paid back. Rothenberg used the misappropriated funds to finance his personal business ventures and his lifestyle, and his deceptive acts have allowed him to continue his scheme for years.

### IV.

In view of the foregoing, the Commission deems it appropriate and in the public interest to impose the sanctions agreed to in Respondent Rothenberg's Offer.

Accordingly, it is hereby ORDERED pursuant to Section 203(f) of the Advisers Act, that Respondent Rothenberg be, and hereby is:

> barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization,

with the right to apply for reentry after five (5) years to the appropriate self-regulatory organization, or if there is none, to the Commission.

---

[1] The findings herein are made pursuant to Respondent's Offer of Settlement and are not binding on any other person or entity in this or any other proceeding.

Any reapplication for association by the Respondent will be subject to the applicable laws and regulations governing the reentry process, and reentry may be conditioned upon a number of factors, including, but not limited to, the satisfaction of any or all of the following: (a) any disgorgement ordered against the Respondent, whether or not the Commission has fully or partially waived payment of such disgorgement; (b) any arbitration award related to the conduct that served as the basis for the Commission order; (c) any self-regulatory organization arbitration award to a customer, whether or not related to the conduct that served as the basis for the Commission order; and (d) any restitution order by a self-regulatory organization, whether or not related to the conduct that served as the basis for the Commission order.

For the Commission, by its Secretary, pursuant to delegated authority.

      Brent J. Fields
      Secretary