1  C. DABNEY O'RIORDAN (Cal. Bar No. 205158)
     oriordand@sec.gov
2  ERIN E. SCHNEIDER (Cal. Bar No. 216114)
     schneidere@sec.gov
3  ANDREW J. HEFTY (Cal. Bar No. 220450)
     heftya@sec.gov
4  MARC D. KATZ (Cal. Bar No. 189534)
     katzm@sec.gov
5  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2800
6  San Francisco, CA 94104
   T: (415) 705-2500
7  F: (415) 705-2501

8  ERIC M. BROOKS (Cal. Bar No. 209153)
     brookse@sec.gov
9  SECURITIES AND EXCHANGE COMMISSION
   33 Arch Street, 23rd Floor
10 Boston, MA 02110-1424
   (617) 573-8900

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL B. ROTHENBERG, and ROTHENBERG VENTURES LLC (f/k/a FRONTIER TECHNOLOGY VENTURE CAPITAL LLC and ROTHENBERG VENTURES MANAGEMENT COMPANY, LLC),<br><br>Defendants. | Case No. 18-cv-5080-JST<br><br>SUPPLEMENTAL DECLARATION OF GERALD T. FUJIMOTO IN SUPPORT OF SEC'S MOTION FOR DISGORGEMENT AND PENALTIES<br><br>DATE: October 9, 2019<br>TIME: 2:00 P.M.<br><br>PLACE:   Courtroom 6, 2d Floor |

I, Gerald T. Fujimoto, pursuant to 28 U.S.C. § 1746, declare:

1. I have reviewed Mr. Rothenberg's Opposition to the SEC's Motion for Disgorgement and Penalties (ECF 90).

2. Mr. Rothenberg's Opposition states at various points that he was permitted to use investor money from the 2015 Fund and 2016 Fund to make what he terms were "indirect investments" or "River Accelerator investments." Mr. Rothenberg cites in support, at page 16 of his Opposition, language from the following provision in the 2015 Fund Summary of Principal Terms:

> The Fund will invest about $100,000 per company plus 9.5% of the Fund (the "River Investments") through the River Accelerator to acquire an average of 5-7% (the "Average Ownership") of 25 to 30 companies, targeting a $3,000,000 to $4,000,000 valuation per company. The River Investments will be a combination of cash directly transferred to the company, the provision and use of specialized equipment, real estate, events, services provided by employees or contractors, or other expenditures. The Average Ownership will be in the form of equity or debt convertible for equity.
>
> For example, a $15,000,000 fund with 25 River Investments would result in a per investment average of $157,000 spent for 5-7% of equity per company, an effective valuation of less than $4M per company.

Mr. Rothenberg also cites as support, at page 16 of his Opposition, the following provision from the 2016 Fund Summary of Principal Terms:

> The Fund intends to invest 5.0% of the aggregate Capital Commitments plus approximately $200,000 to $400,000 on average per company (the "***River Investments***") through Rothenberg Ventures' River Accelerator Program to acquire an average of approximately 7% -10% (the "***Average Ownership***") of 25 to 40 frontier tech companies, targeting a $3.0M to $6.0M valuation per company. The River Investments will be a combination of direct cash investments, the provision and use of specialized equipment, real estate, events and services provided by employees or contractors, or other expenditures. The Average Ownership will be in the form of equity or debt convertible for equity.

3. There appear to be two components of the referenced investments for each of the 2015 Fund and 2016 Fund. The first consists of direct investments in companies that were part of River Accelerator. These direct investments are accounted for in Opinion 4 of my expert report dated May 23, 2019 ("Expert Report"), which states that the Rothenberg Investor Funds invested $30,888,161 in Portfolio Companies. Expert Report (ECF 84-1) at 18. I have analyzed the particular portion of this amount that constituted investments in River Accelerator companies, as listed on the River Accelerator

website (https://riverecosystem.com/riveraccelerator/ accessed on August 30, 2019). Of the $30,888,161 invested in portfolio companies, $8,331,999 was invested in the thirty-seven River Accelerator companies.

4. The second component of the referenced investments in these provisions for each of the 2015 and 2016 Funds pertain to "the provision and use of specialized equipment, real estate, events and services provided by employees or contractors, or other expenditures." Rothenberg's Opposition claims that these investments were made under a category that he appears to refer to as "indirect investments."

5. I have once again studied the accounting records to search for entries reflecting this second component of "indirect investments" for the 2015 and 2016 Funds. The accounting records reflect $0 for the 2015 Fund and $0 for the 2016 Fund for any amounts that are listed as or could be construed as "indirect investments."

6. I did a broad search of the 2015 Fund and the 2016 Fund QuickBooks data, looking for anything labeled "indirect investments" (or related terms) and anything that would substantively reflect the types of "indirect investment" categories set forth in the two provisions cited above. If there had been any such investments, the accounting records should indicate an apportionment of such costs to the River Accelerator companies. For example, if there had been such "indirect investments" for the 2015 Fund, I would expect to see some type of costs or expenditures classified as an investment in one or more of the approximately 25 River Accelerator companies. Similarly, for the 2016 Fund, if there had been such investments, I would expect to see some type of cost or expenditures classified as an investment in one or more of the approximately 25 to 40 River Accelerator companies. However, the accounting records did not contain any such notations for either the 2015 Fund or 2016 Fund.

7. As indicated in my Expert Report, the $18.8 million shortfall in my Report does incorporate $5.3 million that Rothenberg transferred from the Rothenberg Investor Funds to "River Accelerator, LLC," and approximately $3.7 million that Rothenberg transferred from the Rothenberg Investor Funds to "Rothenberg Ventures Events, LLC." Based on the bank records I reviewed, with respect to the $9.0 million described in the preceding sentence, (1) all of this money was transferred in June 2018; (2) none of the money went to investments in Portfolio Companies; and (3) none of the money went to costs or expenditures including "the provision and use of specialized equipment, real

estate, events and services provided by employees or contractors, or other expenditures" that could have been classified as an "indirect investment" into the Portfolio Companies.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on September 4, 2019 in San Francisco, California.

*/s/ Gerald Fujimoto*

Gerald T. Fujimoto