DAVID L. ANDERSON (CABN 149604)
United States Attorney

BENJAMIN KINGSLEY (CABN 314192)
Acting Criminal Chief

NICHOLAS J. WALSH (CABN 314290)
KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7248/(415) 436-6830
    FAX: (415) 436-7234
    Email: Nicholas.Walsh@usdoj.gov
           Kyle.Waldinger@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL BRENT ROTHENBERG,<br><br>    Defendant. | NO. CR 20-0266 WHA<br>[INFORMATION FILED JUNE 26, 2020] |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL B. ROTHENBERG ET AL.,<br><br>    Defendants. | NO. CV 18-05080 JST<br>[COMPLAINT FILED AUGUST 20, 2018]<br><br>NOTICE OF RELATED CASE IN A CRIMINAL ACTION |

       1.     The United States of America, pursuant to Local Criminal Rule 8-1, hereby notifies the Court that the two above-captioned cases are related.

       2.     On June 26, 2020, the United States Attorney filed an Information in the criminal case *United States v. Michael Brent Rothenberg*, CR 20-0266 WHA. (The prior day, the United States also

NOTICE OF RELATED CASE
U.S. v. ROTHENBERG/SEC v. ROTHENBERG ET AL.

1  filed a Criminal Complaint charging the defendant Rothenberg with one count of wire fraud. *See United*
2  *States v. Michael Brent Rothenberg*, CR 3-20-70834 MAG (TSH). The cases for the Criminal
3  Complaint and the Information have now been "merged" in PACER by the Clerk's Office.)

4      3.      The Information in case number CR 20-0266 WHA alleges that Rothenberg engaged in
5  various schemes to defraud beginning in 2014. Two of the schemes to defraud that are alleged in the
6  Information pertain to investments in certain venture capital funds managed or proposed to be managed
7  by the defendant Rothenberg and his company Rothenberg Ventures Management Company. One of the
8  other schemes to defraud pertains to a $2 million investment the defendant Rothenberg obtained into a
9  company known as River Studios, which company Rothenberg represented he owned and had self-
10 funded. The remaining two schemes to defraud alleged in the Information pertain to separate schemes
11 to defraud Silicon Valley Bank. A copy of the Information is attached hereto as Exhibit 1.

12     4.      At this time, defense counsel has not been formally identified. Attorney Eugene Illovsky
13 specially appeared on behalf of the defendant Rothenberg at his initial appearance before Magistrate
14 Judge Kandis A. Westmore on June 26, 2020. The parties next appearance in magistrate court is on
15 August 27, 2020, for the purpose of identification of counsel and status on arraignment.

16     5.      As noted above, the government has filed an Information. The defendant Rothenberg has
17 not waived indictment and has not been arraigned on the Information. Absent a waiver of indictment,
18 the government anticipates presenting an indictment to the grand jury.

19     6.      On August 20, 2018, the Securities and Exchange Commission ("SEC") filed a
20 Complaint naming Michael B. Rothenberg and Rothenberg Ventures LLC (f/k/a Frontier Technology
21 Venture Capital LLC and Rothenberg Ventures Management Company, LLC) as defendants. A copy of
22 the SEC's Complaint is attached hereto as Exhibit 2. The Michael Rothenberg charged in the *SEC v.*
23 *Rothenberg et al.* case is the same individual charged in the criminal case numbered CR 20-0266 WHA.
24 The SEC's Complaint asserted two claims for relief: (1) defendants violated Sections 206(1) and 206(2)
25 of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and 80b-6(2); and (2) defendants violated Section 206(4) of
26 the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8. As set
27 forth in the SEC's Complaint, the allegations arose out of the defendants' scheme to defraud the venture
28 capital funds they managed and the investors in those funds. The *SEC v. Rothenberg et al.* case was

assigned to the Honorable Jon S. Tigar.  Ultimately, Rothenberg did not contest the allegations against him in the SEC's lawsuit, though he did contest the amount of ill-gotten gains attributed to him.  On December 20, 2019, Judge Tigar entered a disgorgement order of $18,776,800, plus prejudgment interest of $3,663,323.47, for a total of $22,440,123.47.  Judge Tigar further ordered Rothenberg to pay an additional civil penalty of $9 million.  *See SEC v. Rothenberg et al.*, doc. 100.  Rothenberg's appeal of that order is currently pending before the Ninth Circuit Court of Appeals.

7. Based on these facts, the two cases are related because they "concern one or more of the same defendants and [at least some of] the same alleged events, occurrences, transactions or property." Crim. L.R. 8-1(b)(1).  Furthermore, the United States believes that the two cases are related within the meaning of Criminal Local Rule 8-1(b)(2) because "[b]oth actions appears likely to entail substantial duplication of labor if heard by different Judges or might create conflicts and unnecessary expenses if conducted before different Judges."  This conclusion is based on the fact that two of the schemes to defraud alleged in the Information (Counts Twelve through Twenty-Three) relate directly to allegations in the SEC's Complaint.  *Compare, e.g.*, *United States v. Rothenberg*, Information, ¶¶ 42-45 & Cts. 12-15 (related to "co-fund" investment in "Software Company") *with SEC v. Rothenberg et al.*, Compl. ¶¶ 48-64 (related to "co-fund" investment in "Private Company").  Based on the above, (1) the government believes that there is substantial factual overlap between the two cases, (2) it appears that Judge Tigar expended significant effort in resolving the SEC's contested motion for disgorgement and penalties, and (3) it is likely that some of the issues that arose in the SEC's case will arise in the criminal case.

8. Pursuant to Local Criminal Rule 8-1(c)(4), government counsel submits that assignment of these cases to a single judge is likely to conserve judicial resources and promote an efficient determination of each action.

DATED: July 6, 2020                                   Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
KYLE F. WALDINGER
NICHOLAS J. WALSH
Assistant United States Attorneys